WELLER v. SPEET.

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY   NEGLIGENCE — EVIDENCE.

In action arising out of collision between automobiles driven by plaintiff and defendant minor, evidence *held*, to present issues of fact for jury's consideration upon negligence of minor and contributory negligence of plaintiff.

2. PRINCIPAL AND AGENT—IMPLIED AGENCY.

An implied agency must be based upon facts for which the principal is responsible and upon a natural and reasonable, but not a strained, construction of those facts.

3. SAME—IMPLIED AGENCY—PROOF.

An implied agency is an actual agency, provable by reasonable deductions or inferences from disclosed facts and circumstances and while it cannot exist contrary to the express will of an alleged principal, it may spring from acts and circumstances within his control and permitted by him over a course of time by acquiescence or in recognition thereof.

4. SAME—IMPLIED AGENCY—SCOPE.

An implied agency can rise no higher than its source, namely, the acts and circumstances from which it is deduced but may be special, limited or general, if justified as such, in existence and degree.

5. SAME—HUSBAND AND WIFE—IMPLIED AUTHORITY—SUBAGENTS.

Wife *held*, not to have had implied authority to employ a special subagent to deliver urgently wanted milk for husband's dairy business in which she had no financial interest or employment, where her acts hitherto had not been extended beyond receiving requests by telephone and conveying same to him or his regular deliverymen, hence husband would not be liable for injuries occasioned by such subagent's negligence while delivering milk in another person's automobile.

6. INFANTS—JUDGMENT—GUARDIAN AD LITEM—APPEAL AND ERROR.

Judgment in a tort action against a minor for whom no guardian *ad litem* had been appointed as required by statute is reversed by Supreme Court *sua sponte* (3 Comp. Laws 1929, § 14038).

7. COSTS—INFANTS—GUARDIAN AD LITEM—APPEAL AND ERROR.

No costs are awarded infant against whom judgment had been rendered in tort action but for whom no guardian *ad litem* had been appointed, upon *sua sponte* reversal, where such error was not alleged in grounds for appeal taken in his behalf (3 Comp. Laws 1929, § 14038).

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 24, 1936. (Docket No. 16, Calendar No. 38,802.) Decided June 4, 1936.

Case by Henry Weller against Benjamin J. Speet, Hattie Speet, George Den Uyl and James Michielsen for personal injuries sustained in an automobile accident. Directed verdict and judgment for Hattie Speet. Judgment for defendant Benjamin J. Speet

*non obstante veredicto* for plaintiff.  Verdict and judgment for plaintiff against defendants Den Uyl and Michielsen.  Plaintiff appeals from judgment for defendant Benjamin J. Speet.  Defendants Den Uyl and Michielsen cross-appeal.  Reversed, with new trial as to defendant Michielsen.  Other judgments affirmed.

*J. Thomas Mahan* and *Leo W. Hoffman,* for plaintiff.

*Diekema, Cross & Ten Cate,* for defendants.

WIEST, J.  In May, 1934, defendant Benjamin J. Speet operated a dairy, with delivery routes in the city of Holland.  Defendant Den Uyl was in his employ at the dairy and owned an automobile for his private use.  Defendant Hattie Speet, wife of Benjamin, had no financial interest in the dairy business, nor was she employed therein but sometimes, at her home next door to the dairy, she received special telephone orders for milk and communicated them to her husband, usually at the noon hour, or to the regular delivery employees, there being no telephone at the dairy.

May 18, 1934, was "tulip time" in the city of Holland, and the ladies of a church had a refreshment stand and, that morning, wanting some milk, telephoned the request to Mrs. Speet.  The occasion being urgent, and Mr. Speet and the other delivery employees being out on their milk delivery routes, Mrs. Speet departed from the course of conveying the request to her husband or a delivery employee, and asked defendant James Michielsen, a 16-year old neighbor boy, to go to the dairy, take the Ford truck and make the delivery.  The boy went to the dairy, ran the truck out and defendant Den Uyl,

learning of the errand, told the boy to use his automobile instead of the truck, and then to take it and have it greased. The boy complied and, on his way to deliver the milk, had a collision, at a street intersection, with an automobile driven by plaintiff. Plaintiff was injured and brought this suit to recover damages.

By agreement of counsel the court directed a verdict in favor of Mrs. Speet and, upon trial, the jury awarded plaintiff damages against the other defendants. The court entered judgment on the verdict against Den Uyl and Michielsen but found Mr. Speet not liable and entered judgment in his favor notwithstanding the verdict.

Plaintiff appeals from the judgment in favor of Mr. Speet, and defendants Den Uyl and Michielsen from the judgment against them.

The question involved in plaintiff's appeal is:

"Was the defendant, James Michielsen, a servant of the defendant, Benjamin J. Speet?"

The appealing defendants contend that plaintiff was guilty of contributory negligence as a matter of law, and the verdict was contrary to the evidence.

The evidence presented issues of fact upon the negligence of the boy and the contributory negligence of plaintiff, and the record discloses no error in refusing a new trial.

Plaintiff contends that Mrs. Speet had implied authority to employ the boy Michielsen and, therefore, at the time of the accident, he was acting as a servant of Mr. Speet and, under the doctrine of *respondeat superior,* Mr. Speet is liable.

Whether the relation of master and servant existed between Mr. Speet and the boy, under the facts here presented, depends upon applicable rules of agency relative to the acts of Mrs. Speet. The evi-

dence negatives express agency of Mrs. Speet and, therefore, the question narrows to whether the disclosed acts of the wife (exclusive of the incidents accountable to the marriage relation), relative to the business of her husband and participation in the conduct thereof, commands the holding of implied authority to engage the boy to deliver the milk. Implied authority to employ the boy, if found, must rest upon acts and conduct of the wife with reference to the business of her husband and known to and acquiesced in by him and preceding the instance at bar.

"An implied agency must be based upon facts, and facts for which the principal is responsible; and upon a natural and reasonable, but not a strained, construction of those facts." 2 C. J. p. 436.

"An implied agency is also an actual agency; it is a fact which is to be proved by deductions or inferences from other facts and circumstances." 2 Am. Jur. p. 25, § 23.

An implied agency must be an agency in fact; found to be so by reasonable deductions, drawn from disclosed facts or circumstances. While it cannot exist contrary to the express will of an alleged principal it may spring from acts and circumstances within his control and permitted over a course of time by acquiescence or in recognition thereof.

The case at bar does not fall within any instance of implied agency to employ a sub-agent or assistant servant. This was the first time the wife had undertaken by her own efforts to make delivery of milk. Theretofore she had received requests by telephone and conveyed the information to her husband or to his regular delivery employees.

An implied agency can rise no higher than its source, namely, the acts and circumstances from which it is deduced. It may, however, be special, limited or general, if justified as such, in existence and degree.

If Mrs. Speet be held to have been a servant to receive telephone orders and transmit them to the dairy for attention she would not, in such service, have authority to employ another servant to perform an act not within the scope of her service. Taking into consideration all acts performed by the wife, having any relation to the business of the husband, we find nothing from which it can be reasonably inferred that she was an agent, and much less one having authority to employ the boy and thereby create the relation between her husband and the boy of master and servant.

At the argument we called attention to the fact that the record discloses a judgment against a minor without appointment of a guardian *ad litem,* as required by 3 Comp. Laws 1929, § 14038. While this error was not alleged in the grounds of appeal taken in his behalf we cannot affirm the judgment against him in the face of the plain mandate of the statute and, *sua sponte,* we reverse as to him, with a new trial but, under the circumstances, without costs.

The judgment in favor of Mr. Speet is affirmed, with costs to him.

The judgment against defendant Den Uyl is affirmed, with costs to plaintiff.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.