BOSS v WOLVERINE INSURANCE COMPANY

Docket No. 56877. Submitted November 3, 1982, at Grand Rapids.—
Decided February 9, 1983.

Terry A. Boss, a truck driver, was injured while loading and
unloading a tractor-trailer. He continued working for approxi-
mately six months, at which time the original injury became
severe enough to be disabling. He brought an action against
Wolverine Insurance Company, his employer's no-fault insurer,
for payment of personal protection benefits. The Kent Circuit
Court, Robert A. Benson, J., granted accelerated judgment in
favor of the defendant because the action was instituted more
than one year after the original injury, during which time Boss
had not given the defendant notice of the injury. Plaintiff
appeals, alleging that the one-year limit on bringing an action
for benefits is a notice provision rather than a statute of
limitations, that his employer, who was notified of the injury,
was an agent of the defendant for purposes of notice, and that
the one-year limitation period did not begin to run until the
date of his disability. *Held:*

1. The statute is a statute of limitations, not a notice provi-
sion.

2. There was no evidence presented which would support the
theory that plaintiff's employer was an agent of the insurer,
either express or implied.

3. The one-year period begins to run at the time of the
accident causing the original injury.

Affirmed.

1. Insurance — No-Fault Insurance — Limitation of Actions.

The statute providing a one-year limitation period for the bring-
ing of an action for personal protection automobile insurance

References for Points in Headnotes

[1, 4] 7 Am Jur 2d, Automobile Insurance § 373.

44 Am Jur 2d, Insurance §§ 1329 *et seq.,* 1450.

Liability insurance: clause with respect to notice of accident or
claim, etc., or with respect to forwarding suit papers. 18 ALR2d
443.

[2, 3] 3 Am Jur 2d, Agency §§ 18, 19.

benefits is a statute of limitations rather than a notice provision; therefore, absent the requisite notice within a one-year period following the accident which caused the injury, an insured is barred from bringing an action for such benefits after the one-year period (MCL 500.3145[1]; MSA 24.13145[1]).

2. AGENCY — IMPLIED AGENCY.

An implied agency must be an agency in fact; it cannot exist contrary to the express will of an alleged principal but may arise from acts and circumstances within that principal's control and permitted over a course of time by acquiescence or recognition thereof.

3. INSURANCE — AGENCY — IMPLIED AGENCY.

A contract of insurance does not implicitly authorize the insured to act as the insurer's agent.

4. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS.

The one-year period within which an action for recovery of personal protection automobile insurance benefits must be brought commences at the time of the accident causing the injury and is not extended by the occurrence of further accidents which aggravate the original injury (MCL 500.3145[1]; MSA 24.13145[1]).

*McCroskey, Feldman, Cochrane & Brock* (by *J. Walter Brock),* for plaintiff.

*Dilley, Dewey & Waddell, P.C.* (by *Jonathan S. Damon),* for defendant.

Before: MacKenzie, P.J., and R. M. Maher and C. W. Simon,* JJ.

Per Curiam. This is an action for personal protection benefits under a no-fault automobile insurance policy. The circuit court granted accelerated judgment for defendant pursuant to GCR 1963, 116.1(5) on the ground that the one-year limitation period contained in MCL 500.3145(1); MSA 24.13145(1) had expired before plaintiff gave

* Circuit judge, sitting on the Court of Appeals by assignment.

notice to the insurer or brought suit. Plaintiff appeals by right.

Plaintiff first argues that MCL 500.3145(1); MSA 24.13145(1) is a notice provision rather than a statute of limitations and that his action therefore should not be dismissed absent a showing of prejudice to defendant through lack of notice. We reject this argument for the reasons stated in *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), *lv den* 406 Mich 868 (1979).

Plaintiff also argues that he gave notice to his employer, defendant's insured, within the one-year period. Plaintiff points out that the statute allows notice to be given "to the insurer or any of its authorized agents" and argues that, because his employer was defendant's insured, an implied agency relationship was created. Plaintiff has cited no authority for this novel proposition and we can find none. Even if we assume that the statutory term "authorized agents" encompasses agencies created by implication, no such agency was created here. In *Weller v Speet,* 275 Mich 655, 659; 267 NW 758 (1936), the Court explained:

"An implied agency must be an agency in fact; found to be so by reasonable deductions, drawn from disclosed facts or circumstances. While it cannot exist contrary to the express will of an alleged principal it may spring from acts and circumstances within his control and permitted over a course of time by acquiescence or in recognition thereof."

Nothing that plaintiff has pled, argued, or submitted by way of affidavit or other evidence suggests that the foregoing test was met here. This was not a case, for example, in which plaintiff's employer held itself out, with defendant's knowledge and without objection by defendant, as defen-

dant's agent. Plaintiff relies exclusively on defendant's contract to insure plaintiff's employer. We cannot say that such a contract implicitly authorizes the insured to act as the insurer's agent.

Plaintiff also argues that, while the original accident occurred on January 4, 1979, and while notice was not given to defendant until defendant received a letter dated January 28, 1980, he did not become disabled until June 12, 1979, and the statutory period did not begin to run until that date. This argument is without merit in view of the express language of MCL 500.3145(1); MSA 24.13145(1), which provides in part:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after *the date of the accident* causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after *the accident* or unless the insurer has previously made a payment of personal protection insurance benefits for the injury." (Emphasis added.)

Plaintiff suggests that he suffered further, unspecified accidents which aggravated his original injury to the point of disability. Because these subsequent accidents were not the accident out of which plaintiff's claim for benefits arose, they were not the accident to which MCL 500.3145(1); MSA 24.13145(1) refers.

Affirmed.