*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ENITA MORRISSETTE,

        Plaintiff-Appellant,

and

CENTRAL HOME HEALTH CARE SERVICES,

        Intervening Plaintiff,

UNPUBLISHED
November 17, 2022

v

INDIAN HARBOR INSURANCE COMPANY,

        Defendant-Appellee,

and

CANTRELL MITCHELL,

        Defendant.

No. 359503
Macomb Circuit Court
LC No. 20-002690-NF

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff Enita Morrissette appeals as of right the trial court's order granting defendant Indian Harbor Insurance Company's motion for summary disposition, arguing that she provided defendant with proper notice of her injury within one year of the accident pursuant to MCL 500.3145(1). We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from an automobile accident on January 29, 2019, when plaintiff allegedly sustained injuries while operating her 2009 Ford Escape as a driver for Lyft. At the time of the accident, plaintiff was transporting a Lyft passenger, and while her vehicle was stopped at a red traffic light at the intersection of Van Dyke and Stephens road, Cantrell Mitchell, an uninsured motorist, rear–ended her. Aside from a broken bumper, plaintiff's vehicle remained in good

-1-

working condition as she completed her passenger's Lyft ride, which included multiple stops . Plaintiff testified that pain in her back and neck instantly emerged after the impact, but she did not immediately seek medical attention and instead waited until her upcoming previously scheduled appointment with her physician.

Following the accident, plaintiff could not drive for Lyft because she had difficulty getting in and out of her vehicle and experienced numbness and weakness in her lower extremity. Plaintiff testified that when she called Lyft to report the accident, she could not get a representative on the line for assistance. So instead, plaintiff notified Lyft through their text messaging service line, and within a week following the accident, a Lyft representative contacted her. Plaintiff subsequently applied for Uninsured Motorist (UM) and First-Party Personal Injury Protection (PIP) benefits with her insurer, AAA, and filed suit against AAA following their denial of benefits. That matter was dismissed, however, when the trial court granted AAA's motion for summary disposition on plaintiff's claims because of a business pursuits exclusion in AAA's policy. Plaintiff admits that it was not until her litigation with AAA that she identified defendant as Lyft's insurer.

Plaintiff filed her complaint against defendant on July 27, 2020, more than one year after the date of the accident.[1] Defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that plaintiff's claims were time-barred under MCL 500.3145(1) because written notice of injury was not furnished to defendant within one year of the accident. Defendant claims that they did not receive any notice until March 11, 2020, when plaintiff verbally reported the accident to defendant. Plaintiff responded to defendant's motion, arguing that she notified defendant's insured, Lyft, via text message on the day of the accident. Plaintiff also argued that the unusual circumstances of this case warranted the tolling of the statute of limitations because it would defy logic to require that someone who is not privy to the insurance contract in question—the policy between Lyft and defendant—provide notice to an entity of which it is unaware.

In a well-written and reasoned opinion, the trial court granted defendant's motion, concluding that plaintiff did not give defendant notice of a potential claim within the one-year statute of limitations. The trial court found that although plaintiff testified that she texted Lyft on the day of the accident and that a representative for Lyft called her back later that week, plaintiff provided no other evidence regarding the content of the text messages or her follow-up telephone conversation. Even more, plaintiff failed to present any evidence that she or Lyft notified defendant of the subject accident or any potential claims. The trial court also rejected as speculative plaintiff's claims that defendant's heavily redacted claim file lacked dispositive evidence of when Lyft first received notice from plaintiff. And finally, the trial court rejected plaintiff's claim that "unusual circumstances" warranted tolling of the statute of limitations because plaintiff failed to cite any fraud, mutual mistake, or other conduct by defendant that could have induced her action or inaction.

## II. STANDARD OF REVIEW

---

[1] Intervening plaintiff Central Home Healthcare Services filed its intervening complaint on November 6, 2020. Thus, neither plaintiff nor Central Home Healthcare Services commenced an action against defendant within the one-year statute of limitations period under MCL 500.3145(1).

Summary disposition is appropriate under MCR 2.116(C)(7), where the claim is barred by the statute of limitations. MCR 2.116(C)(7). We review de novo the legal question of whether a claim is barred by the statute of limitations. *Citizens Ins Co of America v Univ Physician Group*, 319 Mich App 642, 647; 902 NW2d 896 (2017). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(7), "the court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party." *Id*. at 648.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 113; 923 NW2d 607 (2018). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), "this Court considers all evidence submitted by the parties in the light most favorable to the nonmoving party." *Id*. The motion is properly granted "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).[2]

## III. NO–FAULT STATUTE OF LIMITATIONS

Plaintiff first argues that her claim was not barred by the one-year statute of limitations outlined in MCL 500.3145(1) because she notified her employer and defendant's insured, Lyft, of the accident. MCL 500. 3145(1) provides that:

> An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

In other words, "under MCL 500.3145(1), a claim for PIP benefits must be filed within one year after the accident causing the injury unless either of two exceptions applies: (1) the insurer was properly notified of the injury, or (2) the insurer had previously paid PIP benefits for the same injury." *Perkovic v Zurich American Ins Co*, 500 Mich 44, 50; 893 NW2d 322 (2017). The one-

---

[2] Plaintiff entirely misstated the standard of review for a motion for summary disposition under MCR 2.116(C)(10) by relying on an outdated and overruled standard, arguing that "[t]he test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ," citing *Linebaugh v Berdish*, 144 Mich App 750, 754; 376 NW2d 400 (1985). Yet, 23 years ago, the Supreme Court explicitly rejected that standard and reversed any cases citing to that standard. *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999). Almost two decades ago, this Court also recognized that the old standard, requiring denial of a motion if "a record might be developed" that could create a question of material fact, was no longer viable. *Grand Trunk W R, Inc v Auto Warehousing Co*, 262 Mich App 345, 350; 686 NW2d 756 (2004). These standards simply do not apply. Instead, "a party faced with a motion for summary disposition brought under MCR 2.116(C)(10) is, in responding to the motion, required to present evidentiary proofs creating a genuine issue of material fact for trial. Otherwise, summary disposition is properly granted." *Smith*, 460 Mich at 455 n 2, citing MCR 2.116(G)(4).

year statute of limitations protects against stale and protracted litigations and is "consonant with the Legislative purpose in the No-Fault Act in encouraging claimants to bring their claims to court within a reasonable time and the reciprocal obligations of insurers to adjust and pay claims seasonably." *Pendergast v American Fidelity Fire Ins Co*, 118 Mich App 838, 841; 325 NW2d 602 (1982).

It is undisputed that plaintiff filed her claim against defendant more than one–year after the accident that caused her injury. It is also undisputed that the second exception does not apply because defendant had not paid any PIP benefits to plaintiff for her injuries attributable to the accident. As a result, plaintiff's claim is time-barred under MCL 500.3145(1) unless the first exception applies—whether defendant was properly notified of plaintiff's injury within one year following the accident.

The record shows that within one year after the subject accident, plaintiff notified her personal insurer, AAA, and defendant's insured, Lyft, of the accident and her alleged injuries. Plaintiff testified that shortly after the accident occurred, she sent text messages to Lyft reporting that she was in a motor vehicle accident while transporting a passenger and a Lyft representative contacted her later that week. Plaintiff also testified that because she had difficulty contacting Lyft, she applied and ultimately sued for PIP benefits from her personal insurer, AAA. It was not until AAA successfully moved for summary disposition based on a policy exclusion that plaintiff decided to pursue recovery from defendant. And even still, plaintiff commenced the underlying action against defendant after the one–year limitations period.

The trial court found that plaintiff's timely notice to an improper insurer, AAA, and her employer, Lyft, did not constitute proper notice to defendant for the purposes of MCL 500. 3145(1). While the trial court did not explain why timely notice to AAA did not suffice, it noted that "[t]his Court has expressly held that when an action is commenced against one party the § 3145 period of limitation is not tolled as to other potential parties who may not have been named as defendants in the suit." *Hunt v Citizens Ins Co*, 183 Mich App 660, 666; 455 NW2d 384 (1990), citing *Taulbee v Mosley*, 127 Mich App 45, 47-48, 338 NW2d 547 (1983). The same holds true even when a plaintiff argues a lack of knowledge or difficulty ascertaining the identity of the appropriate insurer. *Hunt*, 183 Mich App at 666, citing *Pendergast*, 118 Mich App at 841–843. Thus, we cannot conclude that plaintiff's action against AAA provided defendant, an unnamed party, with notice of her intention to claim benefits regardless of her alleged difficulty in identifying defendant as the proper insurer.

To the extent that plaintiff argues that MCL 500.3145(4) permits notice to be given "to the insurer or any of its authorized agents," plaintiff failed to demonstrate how a contractual relationship between defendant insurer and its insured, Lyft, would establish an agency relationship within the meaning of the statute. See *Boss v Wolverine Ins Co*, 123 Mich App 175, 177; 333 NW2d 212 (1983) (holding that absent evidence that an agency relationship had been created between defendant insurer and its insured, notice provided by an injured plaintiff to his employer, the insured, did not constitute notice to the insurer).

IV. UNUSUAL CIRCUMSTANCES

Plaintiff further argues that "unusual circumstances" warrant tolling the statute of limitations period and that defendant should be equitably estopped from denying coverage. Specifically, plaintiff claims that unusual circumstances exist here because she sent timely notice

of the accident to Lyft and that she timely sued AAA and only learned of defendant as the proper insurer through that litigation.

Plaintiff relies primarily on *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590; 702 NW2d 539 (2005), which held that the one-year statute of limitations period in MCL 500.3145 may be tolled under "unusual circumstances." The *Devillers* Court explained that "[a]lthough courts undoubtedly possess equitable power, such power has traditionally been reserved for 'unusual circumstances' such as fraud or mutual mistake. A court's equitable power is not an unrestricted license for the court to engage in wholesale policymaking . . . ." *Id.*

Plaintiff failed to allege any unusual circumstances providing a basis to invoke judicial equitable powers as a means to disregard the plain language of MCL 500.3145(1). The trial court correctly noted that plaintiff had not cited any fraud, mutual mistake, or other conduct by defendant that could have induced her action or inaction. Despite plaintiff's contentions, providing timely notice to an improper party does not equate to the unusual circumstances addressed in *Devillers*. *Devillers*, 473 Mich at 590. Plaintiff's inability to identify defendant as the correct insurer also does not warrant tolling, as the trial court properly noted that this Court has specifically rejected the argument that "an exception should be carved from the statute of limitations when, despite diligent efforts, a claimant is unable to ascertain the identity of the responsible insurer." *Pendergast*, 118 Mich App at 840.[3] See also *Hunt*, 183 Mich App at 666 ("The fact that Hunt, in the exercise of due diligence, could not or did not identify Allstate as the appropriate insurer is not enough to toll the period of limitation as to Allstate."). Accordingly, there was no basis for the trial court to invoke its equitable power absent a finding of fraud, mutual mistake, or other "unusual circumstance." *Devillers*, 473 Mich at 590. See also *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 56; 503 NW2d 639 (1993) (finding that when a statute "is applicable to the circumstances and dictates the requirements for relief by one party, equity will not interfere.").

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[3]"Mindful of the possibility that, under some circumstances, the responsible insurer cannot be identified within one year the Legislature enacted an alternative source of recovery. A person entitled to No-Fault benefits who has difficulty in determining the identity of the responsible insurer is given rights against the Assigned Claims Office under MCL 500.3174." *Pendergast*, 118 Mich App at 843. This alternative was not timely exercised by plaintiff.