PENDERGAST v AMERICAN FIDELITY FIRE INSURANCE
COMPANY

Docket No. 59955. Submitted June 15, 1982, at Detroit.—Decided
August 25, 1982.

Rita Pendergast was injured when she fell from an automobile
operated by Julius Ferrara, Jr. Her initial efforts to discover
the identity of Ferrara's insurer revealed that insurer to be
American Fidelity Fire Insurance Company. Slightly more than
one year after the accident, Pendergast brought an action
against American Fidelity and the Michigan Secretary of State
Assigned Claims Office. She thereafter discovered that Allstate
Insurance Company, rather than American Fidelity, insured
the Ferrara automobile. An amended complaint was filed,
naming Allstate as a defendant. The Macomb Circuit Court,
Edward J. Gallagher, J., granted an accelerated judgment in
the favor of Allstate and the Secretary of State, holding that
the claim was barred by the statutory one-year limitation
period on claims for no-fault insurance benefits. Plaintiff ap-
pealed the judgment as it relates to Allstate, alleging that the
limitation period should be tolled when a claimant is unable to
ascertain the identity of the insurer to which the claim should
be presented. *Held:*

The period of limitation is not tolled while a claimant
searches for the responsible insurer. Therefore, accelerated
judgment in favor of Allstate was proper because plaintiff
neither began suit nor notified Allstate of an intent to claim
benefits within one year of the accident. A plaintiff's alterna-
tive, where an insurer cannot be identified within a year, is to
bring an action against the Secretary of State within that year.
The plaintiff herein failed to bring a timely action.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS.

The one-year limitation period within which a claim for no-fault
insurance benefits must be brought is consonant with the

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 339, 344.

[2] 7 Am Jur 2d, Automobile Insurance § 339.

legislative purpose of the no-fault act in encouraging claimants to bring their claims to court within a reasonable time and the reciprocal obligation of insurers to adjust and pay claims seasonably (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS.
The one-year limitation period within which a claim for no-fault insurance benefits is to be brought is not tolled while a claimant conducts a search to discover the identity of the insurer to which the claim must be presented (MCL 500.3145[1]; MSA 24.13145[1]).

*Law Offices of Martin D. Grant* (by *Thomas A. Stotz*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Lamont E. Buffington*), for Allstate Insurance Company.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

V. R. PAYANT, J. Plaintiff appeals of right the entry of accelerated judgment in favor of defendant Allstate Insurance Company (Allstate). The accelerated judgment was granted on the basis that plaintiff's suit for economic loss—first-party benefits—under a policy of no-fault insurance was barred by the one-year statute of limitations in MCL 500.3145(1); MSA 24.13145(1). GCR 1963, 116.1(5).

The operative facts are not in substantial dispute. Plaintiff was injured on February 12, 1979, when she fell from a moving automobile driven by Julius Ferrara, Jr. At the time of the accident, plaintiff was not insured under any automobile insurance policy.

Not well-acquainted with Mr. Ferrara, the plaintiff began a search to identify the insurer of Fer-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rara's automobile. Discovering Ferrara's license plate number, plaintiff's attorney asked the Michigan Secretary of State's office for information about the automobile. Plaintiff claims that she was advised that American Fidelity Fire Insurance Company (American Fidelity) was the insurer. Plaintiff alleges that she then gave notice of her claim to American Fidelity and to the Michigan Department of State Assigned Claims Office.

Plaintiff filed suit against American Fidelity and the Assigned Claims Office on February 25, 1980. Subsequently, plaintiff learned that Allstate, not American Fidelity, insured Ferrara's auto. On November 21, 1980, plaintiff filed an amended complaint which added Allstate as a party defendant.

Motions for accelerated judgment were granted whereby the trial court found that plaintiff's claim against Allstate and the Assigned Claims Office was barred because the plaintiff had failed to commence her action within the one-year limitation period. Plaintiff appeals from the order as it relates to Allstate.

Plaintiff maintains that an exception should be carved from the statute of limitations when, despite diligent efforts, a claimant is unable to ascertain the identity of the responsible insurer. She suggests that public policy should compel a tolling of the statute. We disagree.

MCL 500.3145(1); MSA 24.13145(1) states:

"Sec. 3145. (1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment

has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

It is clear that this section is a one-year statute of limitations with a condition permitting claimants to extend the period for recovery of personal protection insurance benefits by giving notice to the insurance company. *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617, 620-621; 314 NW2d 711 (1981); *Dozier v State Farm Mutual Ins Co,* 95 Mich App 121, 126; 290 NW2d 408 (1980).

It is also clear that the plaintiff here neither began her suit against Allstate nor gave it any notice of an intention to claim benefits within the one year following the occurrence giving rise to her claim.

While it is true that the one-year period of limitation is relatively short, it seems consonant with the legislative purpose in the no-fault act in encouraging claimants to bring their claims to court within a reasonable time and the reciprocal obligations of insurers to adjust and pay claims seasonably.[1] The statute attempts to protect

---

[1] It should be noted that we are not here dealing with the tolling of the statute of limitations during the time an insurer takes to evaluate a claim made against it. See *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976) and *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978).

against stale claims and protracted litigations. *Wolar v State Farm Mutual Automobile Ins Co,* 111 Mich App 152, 156-157; 314 NW2d 460 (1981); *Burns v Auto-Owners Ins Co,* 88 Mich App 663, 666; 279 NW2d 43 (1979).

Defendant Allstate disputes plaintiff's allegations that she made diligent efforts to discover the responsible insurer. It points out that plaintiff apparently never contacted Mr. Ferrara directly to ask him for the name of his insurance company. Plaintiff failed to produce any correspondence from the Secretary of State's office containing the allegedly erroneous information that American Fidelity was Ferrara's insurer and, in any event, waited to commence suit against either American Fidelity or the Assigned Claims Office until after the one-year limitation period had passed.

The issue here, however, is not whether or not due diligence was exercised by the plaintiff in discovering the responsible insurer, but whether the statute of limitations was extended while she allegedly made her search.

No Michigan appellate court has held that the limitation period in § 3145 is tolled until the plaintiff completes a diligent search. One panel of this Court foresaw that the issue would someday be presented. In *Home Ins Co v Rosquin,* 90 Mich App 682, 686, fn 3; 282 NW2d 446 (1979), *lv den* 408 Mich 855 (1980), the Court stated in a footnote:

"If plaintiff did not know who the defendants' insurers were or could not have discovered, after reasonable effort, who the insurers were, we might have been persuaded to adopt a different result."

We find plaintiff's argument to be unpersuasive.

The legislative intent is clear and unambiguous. The Courts should not enlarge nor alter the reciprocal rights and obligations of claimant and insurer under such circumstances. We note that in tort cases involving other statutes of limitations, no tolling of the statute occurs while a claimant seeks to discover, or in the exercise of due diligence should discover, the identity of the tortfeasor. *Reiterman v Westinghouse, Inc,* 106 Mich App 698, 704; 308 NW2d 612 (1981); *Thomas v Ferndale Laboratories, Inc,* 97 Mich App 718, 720-722; 296 NW2d 160 (1980).

Mindful of the possibility that, under some circumstances, the responsible insurer cannot be identified within one year the Legislature enacted an alternative source of recovery. A person entitled to no-fault benefits who has difficulty in determining the identity of the responsible insurer is given rights against the Assigned Claims Office under MCL 500.3174; MSA 24.13174.[2] This alternative was not timely exercised by the plaintiff.

Affirmed.

---

[2] MCL 500.3174; MSA 24.13174 provides:

"A person claiming through an assigned claims plan shall notify the facility of his claim within the time that would have been allowed for filing an action for personal protection insurance benefits if identifiable coverage applicable to the claim had been in effect. The facility shall promptly assign the claim in accordance with the plan and notify the claimant of the identity and address of the insurer to which the claim is assigned, or of the facility if the claim is assigned to it. An action by the claimant shall not be commenced more than 30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later."