ALLEN v FARM BUREAU INSURANCE COMPANY

Docket No. 166824. Submitted February 14, 1995, at Grand Rapids.
Decided May 12, 1995, at 10:05 A.M.

Tyrone Allen brought an action in the Muskegon Circuit Court
against Farm Bureau Insurance Company, seeking payment of
wage-loss benefits Farm Bureau refused to pay after the plain-
tiff was injured in an automobile accident. The claim had been
assigned to Farm Bureau by the Assigned Claims Facility when
the plaintiff could not identify the insurer responsible for
payment of no-fault benefits. Farm Bureau paid the plaintiff's
medical claims but denied his claim for wage-loss benefits. More
than one year after the accident, the plaintiff brought this
action. During discovery, Farm Bureau discovered that Farm-
ers Insurance Exchange, the insurer of the driver of the car in
which the plaintiff was injured, was a higher priority insurer
under the no-fault act and filed a third-party action against
Farmers for reimbursement of the benefits it had paid to the
plaintiff. The plaintiff then amended his complaint to add
Farmers as a defendant in his action seeking wage-loss benefits.
The court, Michael E. Kobza, J., granted summary disposition
for Farm Bureau, finding Farmers to be a higher priority
insurer and that any sums paid by Farm Bureau to the plain-
tiff were the responsibility of Farmers. The court then granted
summary disposition for Farmers with respect to its claim that
the plaintiff's action was barred by the one-year period of
limitation in MCL 500.3145(1); MSA 24.13145(1). The plaintiff
appealed from that part of the order. The summary disposition
order also denied Farmers' motion for summary disposition
with regard to Farm Bureau's claim for reimbursement, finding
the two-year period of limitation in MCL 500.3175(3); MSA
24.13175(3) applicable to the claim. The order required Farmers
to pay Farm Bureau the amount of benefits Farm Bureau had

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340-343, 442-445.

Apportionment of payments of no-fault (personal injury protection)
benefits between insurers providing coverage to same insured
under policies covering different vehicles. 34 ALR4th 374.

When statute of limitations commences to run on automobile no-
fault insurance personal injury claim. 36 ALR4th 357.

paid to the plaintiff. Farmers appealed from the denial of its motion for summary disposition.

The Court of Appeals *held:*

1. Farm Bureau brought its claim for reimbursement not as a subrogee of the plaintiff, but independently, pursuant to its statutory right to reimbursement under MCL 500.3172(1); MSA 24.13172(1). The two-year limitation period in § 3175(3) properly was applied to that claim.

2. The one-year limitation period contained in § 3145(1) does not apply to an action by an assignee insurer seeking reimbursement from another insurer under the assigned claims plan of the no-fault act.

3. The trial court properly found that the plaintiff's cause of action against Farmers was barred by the one-year period of limitation in § 3145(1). The period of limitation is not tolled where the injured party files a claim through the assigned claims plan of the no-fault act within the one-year limitation period, but fails to notify the higher priority insurer within the limitation period.

Affirmed.

1. INSURANCE — NO-FAULT — ASSIGNEE INSURERS — ACTIONS — LIMITATION OF ACTIONS.

The no-fault act provides assignee insurers under the act's assigned claims plan a right of recovery or reimbursement independent of the party to whom it paid benefits; a two-year period of limitation is applicable to such actions brought by an assignee insurer for indemnity or . reimbursement (MCL 500.3172[1], 500.3175[3]; MSA 24.13172[1], 24.13175[3]).

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS — ACTIONS — LIMITATION OF ACTIONS.

The one-year limitation period applicable to an action for recovery of personal protection insurance benefits is not tolled where the injured party files a claim through the assigned claims plan of the no-fault act within the limitation period but fails to notify a higher priority insurer within the limitation period (MCL 500.3145[1]; MSA 24.13145[1]).

*James R. Rinck,* for Tyrone Allen.

*Dilley, Dewey, Damon & Condon, P.C.* (by *Jonathan S. Damon*), for Farm Bureau Insurance Company.

*Cholette, Perkins & Buchanan* (by *William E. McDonald, Jr.,* and *Robert E. Attmore*), for Farmers Insurance Exchange.

Before: NEFF, P.J., and SAWYER and MARKEY, JJ.

NEFF, P.J. Plaintiff Tyrone Allen and third-party defendant Farmers Insurance Exchange appeal as of right in this no-fault insurance case from the circuit court's order granting summary disposition to defendant Farm Bureau Insurance Company and to Farmers. We affirm.

I

Plaintiff was injured when the car in which he was a passenger was involved in an accident. Because plaintiff could not identify the insurer responsible for paying no-fault benefits for his injuries, he filed a claim for personal protection insurance benefits under the no-fault act with Farm Bureau, as the assignee of the Assigned Claims Facility.

A

Although Farm Bureau paid plaintiff's medical claims, it denied plaintiff's claim for wage-loss benefits. As a result, plaintiff initiated this suit one year after his accident. During the course of discovery, Farm Bureau discovered that the driver of the car in which plaintiff was injured was covered by a policy issued by Farmers, and thus, Farmers was a higher priority insurer under the no-fault act.

Accordingly, Farm Bureau initiated a third-party suit against Farmers for reimbursement of the benefits it paid to plaintiff. Farm Bureau's suit was filed more than one year after plaintiff's acci-

dent. Shortly thereafter, and again, more than one year after his accident, plaintiff amended his complaint to add Farmers as a defendant in his action seeking wage-loss benefits.

B

1

After Farmers was added to this litigation, Farm Bureau filed a motion for summary disposition under MCR 2.116(C)(10), arguing that Farmers was a higher priority insurer and that any sums paid by Farm Bureau to plaintiff were the responsibility of Farmers. The trial court agreed and granted Farm Bureau's motion. The parties do not dispute this ruling on appeal.

2

After the court decided Farm Bureau's motion for summary disposition, it considered Farmers' summary disposition motion. Farmers argued that both Farm Bureau's and plaintiff's suits were time-barred by § 3145(1) of the no-fault act, which establishes a one-year period of limitation for the recovery of personal protection insurance benefits. MCL 500.3145(1); MSA 24.13145(1). The trial court agreed with respect to plaintiff and dismissed plaintiff's complaint. It is from this order that plaintiff appeals.

With regard to Farm Bureau's suit, however, the court determined that the two-year period of limitation in § 3175(3) of the no-fault act applied. That statutory provision provides:

> An action to enforce rights to indemnity or reimbursement against a third party shall not be commenced after the later of 2 years after the

assignment of the claim to the insurer or 1 year
after the date of the last payment to the claimant.
[MCL 500.3175(3); MSA 24.13175(3).]

Accordingly, the trial court ordered Farmers to
pay Farm Bureau $29,355.39, the amount of bene-
fits Farm Bureau paid to plaintiff. It is from this
order that Farmers appeals.

## II

With respect to Farmers' appeal, Farmers ar-
gues that § 3145(1) applies because Farm Bureau is
the subrogee of plaintiff and, as such, stands in the
shoes of plaintiff. Thus, according to Farmers, to
the extent plaintiff's cause of action against it is
barred by the limitation period in § 3145(1), so too
is Farm Bureau's.

Conversely, Farm Bureau argues, and the lower
court agreed, that it brought its claim for reim-
bursement not as a subrogee of plaintiff, but inde-
pendently, pursuant to its statutory right to reim-
bursement under MCL 500.3172(1); MSA
24.13172(1). Thus, according to Farm Bureau, the
two-year limitation period in § 3175(3) applies. We
agree.

### A

In order to determine which limitation period
applies, the trial court was required to interpret
the relevant statutory provisions of the no-fault
act. Accordingly, we review de novo the lower
court's determination. *People v Young,* 206 Mich
App 144, 154; 521 NW2d 340 (1994).

The primary goal of judicial interpretation of
statutes is to ascertain and give effect to the intent
of the Legislature. *People v Stanaway,* 446 Mich
643, 658; 521 NW2d 557 (1994). If reasonable

minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989). When two statutory provisions appear to be in conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *Gebhardt v O'Rourke,* 444 Mich 535, 542-543; 510 NW2d 900 (1994).

**B**

An examination of the statutory provisions here in question demonstrates that the one-year period of limitation in § 3145(1) does not apply to Farm Bureau's claim for reimbursement.

Section 3145(1) provides in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

If this statute were the only relevant one that existed, we would agree with Farmers that Farm Bureau would be subrogated to plaintiff's rights and remedies.

However, the no-fault act provides assignee insurers with an independent right of recovery:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal

protection insurance benefits through an assigned claims plan if . . . no personal protection insurance applicable to the injury can be identified . . . . In such case unpaid benefits due or coming due are subject to being collected under the assigned claims plan, and *the insurer to which the claim is assigned . . . is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility.* [MCL 500.3172(1); MSA 24.13172(1). Emphasis added.]

Thus, Farm Bureau's statutorily created right to reimbursement is independent of the party to whom it paid benefits, here, plaintiff.

C

After recognizing this statutorily created right, Farm Bureau, and the lower court, then reasoned that the two-year limitation period in § 3175(3) must apply. We agree.

1

Section 3175(3) provides a limitation period for actions brought by an assignee insurer for indemnity or reimbursement. Thus, because it is specific to reimbursement actions such as this one, it must prevail over § 3145(1). See *Gebhardt, supra.*

Further, if we accepted the position that the one-year limitation period in § 3145(1) applies, then assignee insurance companies could be left without a remedy against a defaulting insurer.

It is entirely within the realm of possibility that an injured person would wait the full year to make a claim under the assigned claims plan. In such a situation, the assignee insurer would be without a remedy against a defaulting insurer because the one-year limitation in § 3145(1) al-

ready would have run with respect to both the injured person and the assignee insurer as subrogee of the injured person. Such an interpretation of the no-fault act would create an absurd result, which is in contravention to well-settled rules of statutory construction. See *Rowell v Security Steel Processing Co,* 445 Mich 347, 354; 518 NW2d 409 (1994).

2

Although Farmers cites *Allstate Ins Co v Faulhaber,* 157 Mich App 164; 403 NW2d 527 (1987), for the proposition that the reference to "third parties" in § 3175(3) is limited to tortfeasors, we do not discern that holding from our reading of *Faulhaber.* The issue there was whether to apply the limitation period in § 3175(3) retroactively. While the factual situation of *Faulhaber* did include an insurance company suing either an uninsured motorist or a tortfeasor, this Court did not limit § 3175(3) to the facts of that case.

3

We also disagree with *Hunt v Citizens Ins Co,* 183 Mich App 660; 455 NW2d 384 (1990), to the extent it held that the one-year limitation period in § 3145(1) is applicable to an assignee insurer seeking reimbursement from another insurer under the assigned claims plan of the no-fault act. Although this Court in *Hunt* arguably reached such a conclusion, it does not appear that that specific issue was before the Court. Rather, the Court, when discussing the defaulting insurer's liability to the assignee insurer, grouped the assignee insurer and the injured person together, in essence assuming subrogation without discussion.

Therefore, we decline to follow the implied holding of *Hunt.*

4

Accordingly, we agree with the trial court that, when read together, §§ 3172(1) and 3175(3) create a two-year period of limitation applicable to reimbursement actions between insurers under the assigned claims plan of the no-fault act.

III

In plaintiff's cross appeal, he argues that the lower court erred in determining that his cause of action against Farmers was time-barred because he failed to notify Farmers of his claim within one year as required by § 3145(1). We disagree.

Although we earlier declined to follow the implied reasoning in this Court's opinion in *Hunt, supra,* we are persuaded that the ultimate holding in that case was correct. In *Hunt,* this Court determined that the period of limitation in § 3145(1) was not tolled where, as here, the injured party filed a claim through the assigned claims plan of the no-fault act within the one-year limitation period, but failed to notify the higher priority insurer within the limitation period. *Hunt, supra* at 666.

In *Hunt,* this Court relied, in part, on *Pendergast v American Fidelity Fire Ins Co,* 118 Mich App 838; 325 NW2d 602 (1982), where this Court was also asked to consider whether the one-year limitation period in § 3145(1) should be tolled. While the factual situation in *Pendergast* is admittedly different from that in the instant case, we nonetheless find the reasoning in *Pendergast* to be persuasive:

While it is true that the one-year period of limitation is relatively short, it seems consonant with the legislative purpose in the no-fault act in encouraging claimants to bring their claims to court within a reasonable time and the reciprocal obligations of insurers to adjust and pay claims seasonably. The statute attempts to protect against stale claims and protracted litigations.

\* \* \*

. . . The legislative intent is clear and unambiguous. The Courts should not enlarge nor [sic] alter the reciprocal rights and obligations of claimant and insurer under such circumstances. [*Pendergast, supra* at 841-843. Citations omitted.]

We note that plaintiff does not argue that although Farmers is a higher priority insurer, Farm Bureau, as assignee under the assigned claims plan, was required to pay his wage-loss benefits, to the extent they were justified, and then seek reimbursement from Farmers. Had plaintiff done so, a different result may have obtained.

Nevertheless, on the basis of the issues before us, we affirm the trial court's ruling that plaintiff's claim against Farmers is barred by the one-year period of limitation in § 3145(1).[1]

Affirmed.

---

[1] We decline to address plaintiff's request to apply equitable estoppel in this case. Not only does that doctrine not apply to the facts of this case, see *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 581-582; 458 NW2d 659 (1990), but, in addition, plaintiff did not raise that argument below.