TITAN INSURANCE COMPANY v FARMERS INSURANCE EXCHANGE

Docket No. 214449. Submitted February 8, 2000, at Detroit. Decided May 23, 2000, at 9:00 A.M. Leave to appeal sought.

Titan Insurance Company, as subrogee of Mary and John Hassinger, brought an action in the Oakland Circuit Court against Farmers Insurance Exchange, seeking reimbursement of no-fault personal protection insurance (PIP) benefits that had been paid to the Hassingers as a result of injuries suffered by their son while a passenger in an uninsured automobile. The plaintiff insured a vehicle owned by both the Hassingers, and the defendant insured a vehicle owned by Mary Hassinger. Because the Hassingers' son was not separately insured under a no-fault insurance policy and resided with the Hassingers, the plaintiff and the defendant were insurers in the same order of priority for the purpose of the payment of PIP benefits. The defendant moved for summary disposition on the basis that the plaintiff's claim, which was filed eighteen months after the accident, was subject to the one-year limitation period of subsection 3145(1) of the no-fault act, MCL 500.3145(1); MSA 24.13145(1), and, thus, was not timely brought. The plaintiff moved for summary disposition, arguing that its claim was a claim for recoupment pursuant to the provisions of subsection 3115(2) of the no-fault act, MCL 500.3115(2); MSA 24.13115(2), and was subject to the general six-year limitation period of MCL 600.5813; MSA 27A.5813 and that it was entitled to a judgment as a matter of law. The court, Steven N. Andrews, J., denied summary disposition for the defendant, holding that the plaintiff's claim was not subject to the one-year limitation period of subsection 3145(1), and granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals held:

1. Subsection 3115(2) provides that an insurer that has paid PIP benefits that are due is entitled to partial recoupment of such payments and a reasonable amount of partial recoupment of the expenses of processing the claim from other insurers of the same order of priority. Because it is undisputed that the plaintiff and defendant were insurers of the same order of priority, the plaintiff is entitled to partial recoupment if its claim was timely brought.

2. Subsection 3145(1) provides that an action for recovery of PIP benefits may not be commenced later than one year after the date of the accident on which the claim is based unless written notice has been given to the insurer within one year of the accident or the insurer has made a previous payment of PIP benefits for the injury. Because the plaintiff's claim was not brought as a claim for PIP benefits, but rather was brought as a statutory claim for reimbursement of benefits already paid, the one-year limitation period of subsection 3145(1) was not applicable to the plaintiff's claim. Accordingly, the trial court properly held that the plaintiff's claim was timely brought and that the plaintiff was entitled to partial recoupment pursuant to subsection 3115(2).

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS — RECOUPMENT — ACTIONS — LIMITATION OF ACTIONS.

An action brought by a no-fault insurer against another no-fault insurer of the same priority for partial recoupment of personal protection insurance benefits already paid to an injured claimant is not subject to the one-year limitation period in the no-fault act for claims seeking personal protection insurance benefits; a statutory recoupment claim for benefits already paid is subject to the general six-year limitation period for personal actions not otherwise provided for (MCL 500.3115[2], 500.3145[1], 600.5813; MSA 24.13115[2], ·24.13145[1], 27A.5813).

*Orlans Associates PC (by Linda M. Orlans, Deborah Molitz, and James Swaim ),* for the plaintiff.

*Cory & Wesley (by Tara Hanley Bratton),* for the defendant.

Before: HOLBROOK, JR., P.J., and KELLY and COLLINS, JJ.

PER CURIAM. Defendant, Farmers Insurance Exchange, appeals as of right from the circuit court's order awarding plaintiff, Titan Insurance Company, reimbursement by defendant of personal protection insurance (PIP) benefits paid by Titan to Mary Hassinger and John Hassinger as a result of injuries suf-

fered by their son in an automobile accident. We affirm.

Defendant argues on appeal that plaintiff's claim for recoupment of PIP benefits paid by plaintiff to the Hassingers pursuant to Michigan's no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, was barred by the one-year period of limitation found in MCL 500.3145(1); MSA 24.13145(1). We disagree. When the underlying facts are not disputed, whether a claim is barred by a statutory limitations period is a question of law that this Court reviews de novo. *Pitsch v ESE Michigan, Inc,* 233 Mich App 578, 600; 593 NW2d 565 (1999).

Subsection 3115(2) of the no-fault act, MCL 500.3115(2); MSA 24.13115(2), provides, in pertinent part, as follows:

> When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers.

It is undisputed in this case that plaintiff and defendant were insurers "in the same order of priority" for purposes of the payment of PIP benefits to the Hassingers. However, the parties disagree with regard to the applicable statute of limitations. Defendant contends that plaintiff's claim for recoupment is subject to the one-year period of limitation provision of subsection 3145(1) of the no-fault act, MCL 500.3145(1); MSA 24.13145(1), which provides, in pertinent part, as follows:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

Plaintiff, on the other hand, contends that its claim is subject to the general six-year limitation period for personal actions set forth in MCL 600.5813; MSA 27A.5813, which provides: "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining intent is the specific language of the statute. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). Statutes that relate to the same subject or share a common purpose are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998). However, a statute "must be construed sensibly and in harmony with the legislative purpose." *Adams v Auto Club Ins Ass'n*, 154 Mich App 186, 195; 397 NW2d 262 (1986), quoting *Rusinek v Schultz, Snyder & Steele Lumber Co*, 411 Mich 502, 508; 309 NW2d 163 (1981).

While we recognize that plaintiff's claim falls within the no-fault act, we disagree with defendant that

because plaintiff seeks reimbursement under the act, its claim automatically falls within the period of limitation provided for in subsection 3145(1). We turn first to the language of subsection 3115(2) and note that it provides a specific right of partial recoupment by one no-fault insurer of PIP benefits it paid from another no-fault insurer of the same order of priority, independent of an accident victim's right to payment of PIP benefits. Thus, this case is distinguishable from those in which an insurer's right to recovery or reimbursement from another insurer was found to be subrogated to the insured's right to recovery and therefore subject to the period of limitation in § 3145. See, e.g., *Amerisure Cos v State Farm Mut Automobile Ins Co*, 222 Mich App 97; 564 NW2d 65 (1997); *Michigan Mut Ins Co v Home Mut Ins Co*, 108 Mich App 274; 310 NW2d 362 (1981); *Federal Kemper Ins Co v Western Ins Cos*, 97 Mich App 204; 293 NW2d 765 (1980); *Keller v Losinski*, 92 Mich App 468; 285 NW2d 334 (1979). Moreover, in a slightly different context, this Court has found the limitation period of subsection 3145(1) inapplicable where an insurer brought its claim for reimbursement not as a subrogee of an insured, but independently, pursuant to a statutory right to reimbursement. See *Allen v Farm Bureau Ins Co*, 210 Mich App 591, 595-597; 534 NW2d 177 (1995).

Finally, the purpose of the no-fault insurance system is "to provide *victims of motor vehicle accidents* assured, adequate, and prompt reparation for certain economic losses." *Shavers v Attorney General*, 402 Mich 554, 579; 267 NW2d 72 (1978). (Emphasis added). Where, as here, a no-fault insurer promptly pays benefits, the purpose of the statute is served.

Refusing to apply the limitation period of subsection 3145(1) to a subsequent claim by that no-fault insurer for partial recoupment of benefits paid from another no-fault insurer of equal priority, "to accomplish equitable distribution of the loss among such insurers," subsection 3115(2), does not thwart that purpose. See *Auto Club Ins Ass'n v New York Life Ins Co*, 440 Mich 126, 137, n 8; 485 NW2d 695 (1992).

Accordingly, we conclude that the circuit court properly held subsection 3145(1) inapplicable to plaintiff's action. Our Supreme Court has expressly characterized MCL 600.5813; MSA 27A.5813 as the statute of limitation applicable to personal actions " 'not otherwise provided for.' " *Insurance Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 344; 573 NW2d 637 (1997), quoting *Detroit v Walker*, 445 Mich 682, 705; 520 NW2d 135 (1994). Because there is no period of limitation directly applicable to plaintiff's claim, the limitation period provided for in MCL 600.5813; MSA 27A.5813 applies. Plaintiff filed its action within the six-year limitation period; therefore, its right to recoupment of PIP benefits and reasonable expenses relating to the Hassingers' claim was not time-barred.

Because subsection 3145(1) does not apply to plaintiff's claim, it is unnecessary to address the remaining issue raised by defendant on appeal.

Affirmed.