# STATE OF MICHIGAN

# COURT OF APPEALS

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

UNPUBLISHED
January 14, 2016

Plaintiff-Appellant,

v

No. 324132
Wayne Circuit Court
LC No. 13-015647-NF

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellee.

Before: SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

In this action for the recoupment of no-fault benefits, plaintiff appeals the trial court's order that granted summary disposition in favor of defendant. Because plaintiff's claim was time-barred, we affirm.

## I. BASIC FACTS

The underlying facts in this case are not in dispute. On April 18, 2011, Willie Clay, Jr. (Clay Jr.), was riding on a bus that was operated by plaintiff. When the bus pulled away from the bus stop, Clay Jr. slipped and fell on the floor, suffering injuries to his left knee. On July 5, 2011, plaintiff received an application for no-fault benefits from Clay Jr. In the application, Clay Jr. indicated that he did not own a motor vehicle or reside with any spouse or relative who owned a motor vehicle. Thereafter, plaintiff paid the no-fault benefits, which totaled $127,415.48 for medical expenses and other services incurred between April 18, 2011, and December 7, 2012.

In March 2013, Clay Jr. filed a complaint in Macomb Circuit Court against plaintiff, where he alleged motor vehicle negligence. During the course of discovery, plaintiff learned that Clay Jr. resided with his father, Willie Clay, Sr., and that Clay Sr. owned a vehicle that was insured through defendant.

After learning that Clay Jr. lived with his father at the time of the April 2011 accident, plaintiff sought reimbursement from defendant for the no-fault benefits it paid on behalf of Clay Jr. Plaintiff reasoned that under MCL 500.3114, defendant had the highest priority related to Clay Jr.'s claim for no-fault benefits and therefore was the proper source of those funds. Defendant refused to reimburse plaintiff because it relied on MCL 500.3145, which requires that

-1-

an action for recovery of no-fault benefits must commence within one year of the date of the accident, and over a year had elapsed.

Plaintiff then filed its complaint against defendant, seeking reimbursement and recoupment for the no-fault benefits that it paid for Clay Jr. Both parties moved for summary disposition, and the trial court granted defendant's motion. The trial court found that plaintiff's claim to recover benefits was untimely. The court reasoned that plaintiff was an insurer under the no-fault act and was not excused from complying with MCL 300.5145's one-year requirement.

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). If a cause of action is time-barred, then summary disposition is appropriate under MCR 2.116(C)(7). See *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 681; 599 NW2d 546 (1999). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). The motion may be supported or opposed by affidavits, depositions, admissions, or other documentary evidence, and we view such evidence in a light most favorable to the plaintiff. *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

## III. ANALYSIS

Plaintiff claims that the general six-year period of limitations in MCL 600.5813 governs in the instant case.[1] However, our Court has held that when a plaintiff insurance company mistakenly pays no-fault benefits, while another defendant insurance company had the obligation to pay the benefits in the first place because of it having a higher priority in the no-fault statutory scheme, the plaintiff's claim for reimbursement from the defendant is one of subrogation, and the limitations period in MCL 500.3145(1) applies. *Titan Ins v North Pointe Ins*, 270 Mich App 339, 343-344, 347; 715 NW2d 324 (2006). Further, in instances of subrogation, "the subrogee, upon paying an obligation owed to the subrogor as the primary responsibility of a third party, is substituted in the place of the subrogor, thereby attaining the same (and no greater) rights to recover against the third party." *Morrow v Shah*, 181 Mich App 742, 749; 450 NW2d 96 (1989); see also *Yerkovich v AAA*, 461 Mich 732, 737; 610 NW2d 542 (2000). Thus, plaintiff, as the subrogee, possessed the same rights as Clay Jr, the subrogor.

MCL 500.3145(1) provides, in relevant part:

---

[1] MCL 600.5813 provides that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

Here, there is no dispute that plaintiff sought reimbursement of no-fault benefits later than one year after the accident. It also is not disputed that before that year lapsed, defendant had no notice of any claim and never paid any no-fault benefits associated with this accident. Thus, it is clear that none of the exceptions to the one-year limitations period applies, and because Clay Jr. could not have recovered no-fault benefits from defendant after this period, plaintiff's claim against defendant was time-barred as well.

Plaintiff relies on *Allen v Farm Bureau Ins Co*, 210 Mich App 591; 534 NW2d 177 (1995), and asserts that applying the one-year limitations period from MCL 500.3145(1) would produce an absurd and unjust result. However, any reliance on *Allen* is misplaced. The *Allen* Court held that MCL 500.3145(1) is inapplicable when an assignee of the Assigned Claims Facility brings a claim for reimbursement under its *statutory* right under MCL 500.3172(1).[2] *Id.* at 597. Thus, the Court ruled that the two-year limitations period in MCL 500.3175(3) applied. *Id. Allen* is distinguishable because it involved the statutory right of an assignee of the Assigned Claims Facility to reimbursement, and here, the claim involves one of subrogation between different priority insurers. Thus, *Allen* is inapposite. Notably, plaintiff, here tacitly admits that *Allen* is distinguishable when it relies on the general six-year statute of limitations of MCL 600.5813 instead of the specific two-year statute of limitations for assigned claims reimbursement under MCL 500.3175(3).

Plaintiff also relies on *Madden v Employers Ins of Wausau*, 168 Mich App 33; 424 NW2d 21 (1988). While *Madden* does support plaintiff's view that the request for the recovery of no-fault benefits paid by mistake is not an action for subrogation (and therefore does not implicate MCL 500.3145), *id.* at 40, *Madden* was issued before November 1, 1990, and is not binding, MCR 7.215(J)(1). In fact, the *North Pointe* Court recognized *Madden*, but nonetheless determined that this Court already had rejected *Madden*'s holding in *Amerisure Cos v State Farm*

---

[2] MCL 500.3172(1), at the time *Allen* was decided, provided:

"A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through an assigned claims plan if . . . no personal protection insurance applicable to the injury can be identified . . . . In that case, unpaid benefits due or coming due are subject to being collected under the assigned claims plan, and *the insurer to which the claim is assigned . . . is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility.*" [*Allen*, 210 Mich App at 596-597, quoting MCL 500.3172(1) (emphasis added).]

*Mut Auto Ins Co*, 222 Mich App 97; 564 NW2d 65 (1997). *North Pointe*, 270 Mich App at 347. The *North Pointe* Court further noted that "[a]lthough *Amerisure Cos* . . . ha[s] been called into question by *Devillers* [*v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005),] to the extent [it] recognized the applicability of judicial tolling, [its] conclusion[] on the issue of subrogation claims remain valid and correct." *North Pointe*, 270 Mich App at 347 n 1.

Although plaintiff gives brief treatment to *Titan Ins Co v Farmers Ins Exch*, 241 Mich App 258; 615 NW2d 774 (2000), we note that any reliance is again misplaced. In *Farmers Ins Exch*, the Court was faced with determining the proper statute of limitations to apply when the plaintiff was seeking partial recoupment of benefits paid from the defendant, *when both the plaintiff and the defendant had equal priority* to pay the benefits under Michigan's statutory scheme. *Id.* at 260, 262-263. The Court held that, similar to the claim in *Allen*, the claim was not one of subrogation because MCL 500.3115(2)[3] creates a *statutory right* for a party to seek partial recoupment from another party of the same priority level. However, unlike the situation in *Allen*, where MCL 500.3175(3) provided a limitations period for an assignee's statutory right for reimbursement, *Allen*, 210 Mich App at 597, there is no express statute of limitations for when an insurer seeks recoupment under this statutory right from a different insurer of equal priority, *Farmers Ins Exch*, 241 Mich App at 263. Thus, because in the instant case, the parties are not of the same priority level, *Farmers Ins Exch* is not applicable. In fact, *Farmers Ins Exch* supports our holding, as it expressly recognizes that a lower priority insurer's right to recovery from a higher priority insurer is a claim of *subrogation* and subject to MCL 500.3145(1)'s one-year limitations period. *Id.* at 262.

Lastly, plaintiff contends that, as a government-sponsored transportation program, it is "exempt" from the payment of no-fault benefits if the injured claimant has available no-fault coverage and that this "exempt" status takes its claim out of the realm of subrogation. We disagree.

MCL 500.3114(2) provides that, in general, "[a] person suffering accidental bodily injury while an operator or passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle." As a result, normally, a passenger who was injured on a bus used in the business of transporting passengers would recover benefits from the insurer of the bus. However, this subsection does not allow a passenger of "[a] bus operated under a government sponsored transportation program" to recover from the insurer of the bus unless the "passenger is not entitled to personal protection insurance benefits under any other policy." MCL 500.3114(2)(c). Here, there is no doubt that Clay Jr. was entitled to personal protection insurance benefits from another policy, namely Clay Sr.'s policy with defendant. But just because Clay Jr. was not entitled to no-fault benefits from plaintiff, plaintiff's subsequent

---

[3] MCL 500.3115(2) provides that "[w]hen 2 or more insurers are in the same order of priority to provide personal protection insurance benefits[,] an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority . . . in order to accomplish equitable distribution of the loss among such insurers."

payment of benefits and its attempt to recoup those expenses from defendant do not transform its claim into something other than subrogation.

Whether plaintiff was "exempt" or not is immaterial. Plaintiff uses the term "exempt" to somehow imply that it has some kind of special status in the no-fault scheme. First, the statute does not use the term "exempt." Instead, it simply provides that a party such as plaintiff will not have to pay any no-fault benefits to a claimant unless that claimant is not entitled to benefits under any other policy. Second, this is not materially different from the typical subrogation claim, where one insurance company paid benefits when another company actually was responsible for the entirety of the payments. See, e.g., *North Pointe*, 270 Mich App at 340-341, 343-344. In other words, whether described as being "exempt" from paying benefits or simply "not being responsible" for the payments are distinctions with no material difference. Plaintiff has provided no authority showing otherwise. In both cases, someone other than the one who paid the benefits was actually responsible for the payment.

In sum, under *North Pointe*, plaintiff is seeking the recovery of no-fault benefits through the doctrine of subrogation. And under that doctrine, as the subrogee, plaintiff stands in the shoes of the subrogor, Clay Jr., and acquires no greater rights than those possessed by the subrogor. *Yerkovich*, 461 Mich at 737. Accordingly, just as Clay Jr. could not ignore the one-year rule of MCL 500.3145(1) to recover from defendant, neither could plaintiff. Because it sought recovery against defendant over a year after the April 2011 accident, and none of the statutory exceptions of MCL 500.3145(1) apply, plaintiff's claim was barred, and defendant's motion for summary disposition under MCR 2.116(C)(7) was appropriately granted.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray

-5-