# S T A T E   O F   M I C H I G A N
# C O U R T   O F   A P P E A L S

---

JAKE WILLIAMS, JR.,

        Plaintiff,

v

ENJOI TRANSPORTATION SOLUTIONS,

        Defendant,

and

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY,

        Defendant-Appellant,

and

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellee.

FOR PUBLICATION
October 9, 2014
9:00 a.m.

No.  312872
Wayne Circuit Court
LC No.  11-012265-NF

---

FARM BUREAU INSURANCE COMPANY,

        Plaintiff-Appellee,

v

AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY,

        Defendant-Appellant,

and

ENJOI TRANSPORTATION, L.L.C.,

No.  312882
Wayne Circuit Court
LC No.  10-010483-NF

---

-1-

Defendant.

Before: O'CONNELL, P.J., and WILDER and METER, JJ.

PER CURIAM.

In this automobile-insurance dispute, defendant American Guarantee and Liability Insurance Company appeals[1] the September 24, 2012, order granting summary disposition to defendant Farm Bureau Insurance Company and granting in part and denying in part summary disposition to Trinity Physical Therapy, Inc. We affirm.

These appeals arise from lawsuits surrounding a claim for no-fault personal injury protection benefits made by Jake Williams, Jr. Enjoi Transportation Solutions is a company that provides nonemergency transportation to the elderly and disabled. Enjoi transported Williams to dialysis appointments multiple times a week because Williams had ambulatory difficulties and was commonly confined to a motorized "scooter" wheelchair. On January 19, 2010, Walter Slaughter picked Williams up in an Enjoi van at approximately 2:30 p.m.; Williams remained in the scooter while being transported. At some point during the transport, Williams fell from his scooter and sustained injuries; he claimed that Slaughter had not secured the scooter in the van and had been "hitting corners" on the freeway and that this caused Williams to fall. Slaughter, on the other hand, testified that he did secure the scooter in the van and that the only way Williams could have fallen in the manner he did was if he had intentionally unlatched himself. Slaughter believed that Williams had intentionally tried to hurt himself.

On September 10, 2010, Farm Bureau filed a declaratory judgment action against Enjoi, alleging that, as a result of the above-mentioned incident, Williams filed a claim with the assigned claims facility of the Michigan Department of State; Farm Bureau had been assigned Williams's claim; and, as a result, Farm Bureau had incurred costs. On March 2, 2011, Farm Bureau filed its first amended complaint, naming American Guarantee as Enjoi's insurer and alleging that Farm Bureau was entitled to recover from American Guarantee all no-fault benefits paid to Williams because American Guarantee was a higher priority insurer.

On April 5, 2011, American Guarantee filed its answer to Farm Bureau's amended complaint and its affirmative defenses. American Guarantee stated that Williams's alleged injuries were not covered injuries because they "did not arise out of the ownership, operation, or maintenance of a motor vehicle as a motor vehicle" and Williams "did not suffer any accidental bodily injuries" on the date of the incident.

---

[1] One appeal is by leave granted and one appeal is an appeal of right; the difference relates to the facts that separate lawsuits were filed below and the order in question was a final order concerning only one of the lawsuits. We note that the parties to the appeals have each filed only one brief in this Court.

-2-

On October 6, 2011, Williams filed a complaint against Enjoi, Farm Bureau, and American Guarantee. The complaint alleged negligence against Enjoi and breach of contract against Farm Bureau and American Guarantee for failure to pay no-fault benefits. The two lawsuits were thereafter consolidated.

On June 19, 2012, Farm Bureau filed a motion for summary disposition under MCR 2.116(C)(8) and (10). In response, American Guarantee argued that there were material factual disputes regarding whether Williams's injuries actually arose out of a motor vehicle accident and regarding whether the injury was accidental. The trial court, without much explication, granted summary disposition to Farm Bureau.[2]

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). The trial court's statements on the record make clear that it granted summary disposition under MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). In reviewing a grant of summary disposition under MCR 2.116(C)(10), this Court considers the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Sallie v Fifth Third Bank*, 297 Mich App 115, 117-118; 824 NW2d 238 (2012). Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10); *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

We review de novo issues of statutory interpretation. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 566; 702 NW2d 539 (2005).

The no-fault act, MCL 500.3101 *et seq.*, provides, in pertinent part:

> (1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.
>
> * * *
>
> (4) Bodily injury is accidental as to a person claiming personal protection insurance benefits unless suffered intentionally by the injured person or caused intentionally by the claimant. [MCL 500.3105.]

---

[2] The proceedings below also included claims concerning Trinity Physical Therapy, Inc., which claimed that it was entitled to be reimbursed for physical therapy services provided to Williams. Initially, the present appeals encompassed issues related to Trinity. However, at oral argument, the attorney for American Guarantee indicated without equivocation that "the Trinity part of the case is gone" and that the only remaining issue concerned Farm Bureau's claim against American Guarantee.

A person who is entitled to benefits because of an accidental bodily injury arising out of an automobile accident may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, no applicable insurance can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between automobile insurers, or the only identifiable personal protection insurance is inadequate to cover the loss because of the insurer's inability to fulfill its financial obligations. MCL 500.3172(1). The insurer of the owner or registrant of the vehicle involved in the accident has the highest priority for payment of benefits. MCL 500.3114(5)(a).

Unpaid benefits may be collected under the assigned claims plan and the insurer to which the claim is assigned "is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." MCL 500.3172(1); see also 1989 AACS, R 11.105 ("[t]he assigned claims facility or the servicing insurer to which the claim is assigned is entitled to reimbursement for the personal protection insurance benefits which are provided and the appropriate loss adjustment costs which are incurred from an insurer who is obligated to provide the personal protection insurance benefits under a policy of insurance, but who fails to pay such benefits"). This right to reimbursement of paid benefits is independent of the rights of the party to whom the benefits were paid and is not based upon a subrogation theory. *Allen v Farm Bureau Ins Co*, 210 Mich App 591, 595-597; 534 NW2d 177 (1995).

The primary task in construing the language of a statute is to discern and give effect to the intent of the legislature. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted." *Id*. Courts must give undefined statutory terms their plain and ordinary meanings, and in those situations, dictionary consultation is proper. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

In MCL 500.3172(1), the Legislature used the word "reimbursement." According to *Random House Webster's College Dictionary* (1997), "reimburse" means "to make repayment to for expense or loss incurred," or "to pay back; refund; repay." Based upon the plain meaning of "reimburse," an assigned claims insurer, such as Farm Bureau, is entitled to repayment for the expense or loss incurred, not subject to other limitations that may apply to a direct suit from a claimant. We emphasize that the assigned claim statutes obligated Farm Bureau, as the servicing insurer, to adjust Williams's claim. See 500.3175(1); see also, generally, *Spencer v Citizens Ins Co*, 239 Mich App 291, 304-305; 608 NW2d 113 (2000). It did so and is thus entitled to be reimbursed for the amounts paid, even assuming that a genuine issue of material fact existed regarding whether Williams truly was entitled to benefits. Farm Bureau's payment of benefits "entitled it to reimbursement for the personal protection insurance benefits which [were] provided . . . ." 1989 AACS, R 11.105; see also *Allen*, 210 Mich App at 595-597 (indicating that the statutorily created right to reimbursement is independent of the claimant and not a subrogation action). MCL 500.3172(1) indicates that the insurer to which the claim is assigned "is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." Here, American Guarantee's "financial responsibility" is necessarily tied to manner in which Farm Bureau, as the initial adjusting insurer, adjusted the claim.

-4-

Because American Guarantee admitted that it insured the Enjoi vehicle at the time of the incident, the court properly determined that American Guarantee had priority to pay for Williams's benefits. The strength of Williams's underlying claim for no-fault benefits was no longer at issue. Therefore, there was no genuine issue of material fact that Farm Bureau was entitled to reimbursement from American Guarantee, and the trial court correctly granted summary disposition to Farm Bureau.

Affirmed.

/s/ Peter D. O'Connell
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter