# STATE OF MICHIGAN

# COURT OF APPEALS

AUTO CLUB INSURANCE ASSOCIATION,

      Plaintiff-Appellant,

v

BRISTOL WEST PREFERRED INSURANCE
COMPANY,

      Defendant-Appellee.

UNPUBLISHED
July 19, 2016

No. 326597
Oakland Circuit Court
LC No. 2014-140083-NF

Before: RIORDAN, P.J., and SAAD and M. J. KELLY, JJ.

PER CURIAM.

In this action for reimbursement of benefits paid under the no-fault act, see MCL 500.3101 *et seq.*, plaintiff, Auto Club Insurance Association, appeals by right the trial court's order granting the motion for summary disposition by defendant, Bristol West Preferred Insurance Company. Because the trial court erred when it determined that Bristol West was not liable to reimburse Auto Club, we reverse.

Aaron Starkey suffered injuries in a motorcycle accident. He claimed that a silver SUV cut in front of him and caused him to lose control of his motorcycle and crash. Tianna Hunter, who drove the silver SUV, stated that Starkey attempted to speed past her and lost control of his motorcycle. She said she never changed lanes. Tianna Hunter's mother insured the SUV with Bristol West.

In September 2012, Starkey sued Hunter, her unidentified insurer, and others for damages arising from the motorcycle accident. Hunter did not respond because she believed she was simply a witness and not a party. Because Hunter did not respond, Starkey did not know who insured Hunter's vehicle and the Assigned Claims Facility assigned his no-fault claim to Auto Club. Auto Club participated in the underlying litigation. Hunter and her mother testified at depositions. After her deposition in September 2013, Hunter's mother notified Bristol West of the litigation for the first time.

In November 2013, Auto Club settled the underlying litigation with Starkey and Beaumont Hospital, which had intervened to receive payment for services it provided Starkey. The trial court dismissed the suit after the settlement. Later that same month, Starkey filed another lawsuit; he sued, Hunter, her mother, and another person. It is undisputed that neither Hunter nor her mother notified Bristol West of this subsequent lawsuit.

-1-

In April 2014, Bristol West informed Hunter and her mother that it would not provide coverage for the accident. The trial court also entered a default against Hunter and the other defendants in the second suit.

In April 2014, Auto Club sued Bristol West for reimbursement of the claims that it had paid on behalf of Bristol West's insured. Auto Club moved for summary disposition under MCR 2.116(C)(10) on the ground that Bristol West was the insurer with higher priority and clearly had an obligation to reimburse Auto Club. Bristol West answered and moved for summary disposition under MCR 2.116(I)(2). Bristol West argued that Starkey was ineligible for benefits and that it had no obligation to cover Hunter or her mother because they failed to notify it of the accident and subsequent lawsuits. The trial court agreed with Bristol West and granted Bristol West's motion.

Auto Club then appealed in this Court.

Auto Club argues that the trial court erred when it denied its motion for summary disposition and granted Bristol West's motion. Specifically, it argues that it has an absolute right to reimbursement under the no-fault act. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Pransky v Falcon Gp, Inc*, 311 Mich App 164, 173; 874 NW2d 367 (2015). This Court also reviews de novo whether the trial court properly selected, interpreted, and applied the relevant statutory provisions. *Id.*

Before the trial court and on appeal, Bristol West argues that it has no obligation to provide no-fault insurance benefits because its insured failed to provide it with notice of the accident and underlying litigation, which prejudiced its ability to defend. It relies on the defense provided by MCL 257.520(f)(6), which is part of the financial responsibility act. See MCL 257.501 *et seq.* This Court has stated that the Legislature incorporated the requirements of the financial responsibility act into the no-fault act. See *State Farm Mut Auto Ins Co v Roe*, 226 Mich App 258, 268; 573 NW2d 628 (1997). However, our Supreme Court has since held that appellate courts have erred by incorporating the statutory requirements of the financial responsibility act into the no-fault act because the requirements stated under MCL 257.520(f) only apply to a "motor vehicle liability policy" and the act defines a "motor vehicle liability policy" as one certified under MCL 257.518 or MCL 257.519. See *Titan Ins Co v Hyten*, 491 Mich 547, 559-560; 817 NW2d 562 (2012), quoting, in relevant part, MCL 257.520(a) and MCL 257.520(f). Because Bristol West did not present any evidence that the policy at issue was certified under the financial responsibility act, the defense stated under MCL 257.520(f)(6) does not apply.

Under the no-fault act, an insurer assigned to handle a no-fault claim under the assigned claims plan is "entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." MCL 500.3172(1). Because the right to obtain reimbursement is statutory and not part of a subrogation action, the assigned-claims insurer's right to reimbursement cannot be defeated by defenses that might apply to the underlying claim for coverage. See *Williams v Enjoi Transp Solutions*, 307 Mich App 182, 187-188; 858 NW2d 530 (2014). Thus, even if lack of notice might be a valid ground for denying coverage, it is not a defense to Auto Club's right to reimbursement under MCL 500.3172(1). Consequently, the trial court erred when it determined that—as a matter of law—Bristol West could not be liable to

reimburse Auto Club under MCL 500.3172(1) on the ground that its insured did not give it proper notice.

Reversed and remanded for entry of an order granting Auto Club's motion for summary disposition. We do not retain jurisdiction. As the prevailing party, Auto Club may tax its costs. MCR 7.219(A).

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Kelly