*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

CITIZENS INSURANCE COMPANY OF
AMERICA,

        Plaintiff-Appellant,

v

ASHLEY MONIQUE DAVIS,

        Defendant-Appellee.

UNPUBLISHED
April 2, 2020

No. 345759
Wayne Circuit Court
LC No. 18-000631-NF

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

        Plaintiff-Appellant,

v

STEPHANI MICKENS,

        Defendant-Appellee.

No. 345997
Wayne Circuit Court
LC No. 18-006678-NF

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

        Plaintiff-Appellant,

v

AMANDA RENEE POWELL,

        Defendant-Appellee.

No. 345998
Wayne Circuit Court
LC No. 18-002742-NF

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

        Plaintiff-Appellant,

v

IESIA PATRICE STACKER,

        Defendant-Appellee.

No. 346907
Wayne Circuit Court
LC No. 18-006852-NF

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In Docket No. 345759, plaintiff, Citizens Insurance Company of America (Citizens), appeals as of right an order of default judgment entered against defendant, Ashley Monique Davis (Davis). In Docket No. 345997, plaintiff, Nationwide Mutual Fire Insurance Company (Nationwide), appeals as of right an order of default judgment entered against defendant, Stephani Mickens (Mickens). In Docket No. 345998, plaintiff Nationwide appeals as of right an order of default judgment entered against defendant, Amanda Renee Powell (Powell). Finally, in Docket No. 346907, plaintiff Nationwide appeals as of right an order of default judgment entered against defendant, Iesia Patrice Stacker. We vacate, in part, and remand.

## I. FACTUAL BACKGROUND

These consolidated cases[1] arise out of efforts made by Citizens to collect reimbursement for personal protection insurance (PIP) benefits paid on behalf of Davis, and similar efforts made by Nationwide to collect reimbursement for PIP benefits paid on behalf of Mickens, Powell, and Stacker.

## A. DOCKET NO. 345759

In Docket No. 345759, defendant Davis was involved in a car accident while driving her uninsured vehicle. Each of Davis's three passengers filed claims for PIP benefits under the Michigan Assigned Claims Plan (MACP). The claims were assigned to plaintiff Citizens. Citizens filed a complaint against Davis seeking recovery of all no-fault benefits it paid to or on behalf of the three passengers, but Davis failed to respond to the complaint. A default was entered against Davis, and Citizens sought the entry of a default judgment for the total amount of $151,706.23, which included all benefits paid to or on behalf of the claimants, attorney fees, costs and interest.

---

[1] *Citizens Ins Co of America v Ashley Monique Davis*, unpublished order of the Court of Appeals, entered March 20, 2019 (Docket Nos. 345759; 345997; 345998; 346907).

The trial court agreed to enter a default judgment. Citizens also, however, sought loss adjustment costs and future attorney fees. The trial court took issue with Citizens' request for loss adjustment costs, stating that it did not "generally award adjuster's fees 'cause [sic] that's what the adjuster is paid to do." Additionally, the trial court stated that it would not grant Citizens' request for future attorney fees. In all other respects, the trial court granted Citizens' motion for default judgment.

## B. DOCKET NO. 345997

In Docket No. 345997, defendant Mickens was involved in a car accident, where Mickens struck a motorcyclist while driving her uninsured vehicle. The motorcyclist filed a claim under the MACP for PIP benefits. The claim was assigned to plaintiff Nationwide. Nationwide filed a complaint against Mickens seeking recovery of all no-fault benefits it paid to or on behalf of the motorcyclist, which Mickens failed to answer, leading to the entry of a default against her. Nationwide filed a motion for a default judgment, and requested that the trial court enter a default judgment for the total amount of $40,509.86 against Mickens, which included reimbursement for PIP benefits paid in relation to the claim, as well as loss adjustment costs. The trial court declined Nationwide's request for lost adjustment costs because, as a rule, the court did not generally grant loss adjustment costs to insurers. In all other respects, the trial court granted Nationwide's motion for default judgment.

## C. DOCKET NO. 345998

In Docket No. 345998, defendant Powell was involved in a car accident, in which she struck a pedestrian with her uninsured vehicle. The pedestrian filed a claim for PIP benefits under the MACP, and the claim was assigned to plaintiff Nationwide. Nationwide filed a complaint against Powell seeking recovery of all no-fault benefits it paid to or on behalf of the pedestrian. As in the other consolidated cases discussed herein, Powell failed to answer the complaint, and the trial court entered a default. Nationwide filed a motion for a default judgment, seeking a default judgment in the total amount of $102,826.71, which included reimbursement of PIP benefits paid to the pedestrian and loss adjustment costs. The trial court agreed to grant a default judgment, but declined to grant Nationwide's request for loss adjustment costs.

## D. DOCKET NO. 346907

In Docket No. 346907, defendant Stacker was involved in a car accident, in which a passenger in the car was injured. Stacker's car was uninsured. The passenger filed a claim under the MACP for PIP benefits. The claim was assigned to plaintiff Nationwide. Nationwide filed a complaint against Stacker seeking recovery of all no-fault benefits it paid to or on behalf of the injured person, and Stacker failed to respond. The trial court entered a default against Stacker, and Nationwide sought a default judgment in the amount of $28,251.37, which included reimbursement for PIP benefits paid and loss adjustment costs. As with the other consolidated cases, the trial court granted the motion for a default judgment, but refused to grant loss adjustment costs.

## II. LOSS ADJUSTMENT COSTS

Citizens and Nationwide argue that the trial court erred by declining to award loss adjustment costs under MCL 500.3177(1). We agree.

This Court reviews for an abuse of discretion a trial court's decision regarding whether to enter a default judgment. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). An abuse of discretion occurs when a trial court "reaches a decision that falls outside the range of principled outcomes." *Id*. Underlying factual findings are reviewed for clear error. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). Additionally, this Court "review[s] de novo issues of statutory interpretation." *Williams v Enjoi Transp Solutions*, 307 Mich App 182, 185; 858 NW2d 530 (2014).

Under MCL 500.3177(1), insurance companies may seek reimbursement for costs related to the payment of no-fault PIP benefits and costs associated with claims "for accidental bodily injury . . . arising out of the ownership, maintenance, or use of an uninsured motor vehicle . . . ." Specifically, insurance companies may "recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his or her estate." MCL 500.3177(1).[2] In these four consolidated cases, the trial court refused to grant Citizens' and Nationwide's requests for reimbursement of loss adjustment costs. In support of the decision to refuse to reimburse Citizens and Nationwide for loss adjustment costs, the trial court merely stated that it did not generally grant requests for loss adjustment costs.

In support of the argument that the trial court was required to grant loss adjustment costs, Citizens and Nationwide direct this Court to *Williams*, 307 Mich App at 187-188, where this Court addressed MCL 500.3172(1) pertaining to benefits paid through an assigned claims plan. *Id*. In *Williams*, the plaintiff was injured while being transported in a van owned by the defendant, Enjoi Transportation Solutions (Enjoi). *Id*. at 183. The plaintiff filed a claim for PIP benefits through the MACP, and the claim was assigned to Farm Bureau Insurance Company (Farm Bureau). *Id*. Farm Bureau sued Enjoi's insurer, American Guarantee and Liability Insurance Company (American Guarantee), and argued that American Guarantee was obligated to reimburse Farm Bureau for benefits paid and costs incurred in relation to the plaintiff's claim because American Guarantee was a higher priority insurer than Farm Bureau. *Id*. at 183-184. MCL 500.3172(1) has since been amended, but at the time MCL 500.3172(1) stated that an assigned claims insurer "is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." See *id*. at 186 (quoting the previous version of MCL 500.3172(1)); see also 2012 PA 204. This Court examined the statute's use of the word "reimbursement," meaning, "to make repayment to for expense or loss incurred . . . ." *Williams*, 307 Mich App at 187 (quotation marks

---

[2] MCL 500.3177(1) has been amended, effective June 11, 2019. See 2019 PA 21. The above quoted language is the version of MCL 500.3177(1) that was in effect when the trial court made its rulings regarding Citizens' and Nationwide's claims for loss adjustment costs. Under the new version of the statute, insurance companies are entitled to recover "all benefits paid, incurred loss adjustment costs and expenses, and incurred attorney fees from the owner or registrant of the uninsured motor vehicle or from his or her estate." MCL 500.3177(1).

and citation omitted). This Court stated that, "[g]iven the plain meaning of 'reimburse,' an assigned claims insurer, such as Farm Bureau, is entitled to repayment for the expense or loss incurred . . . ." *Id*.

Under MCL 500.3177(1), insurance companies may recover all benefits paid and appropriate loss adjustment costs from the owner or registrant of an uninsured vehicle. Citizens and Nationwide effectively encourage this Court to conclude that, by using the word "recover" in MCL 500.3177(1), the Legislature indicated that assigned claims insurers are statutorily entitled to recuperate loss adjustment costs. "The primary task in construing the language of a statute is to discern and give effect to the intent of the [L]egislature." *Williams*, 307 Mich App at 187. If the statute contains unambiguous language, "the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. (quotation marks and citation omitted). Courts are required to "give undefined statutory terms their plain and ordinary meanings," and may consult a dictionary to do so. *Id*.

"Reimburse" and "recover" have similar meanings. "Reimburse" is defined "to pay back to someone," "to make restoration or payment of an equivalent to." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Recover" is defined as "to get back," "to gain by legal process," or "to obtain a final legal judgment in one's favor." *Id*. Given the plain meaning of the word "recover," this Court finds that Citizens and Nationwide are entitled to seek recovery of appropriate loss adjustment costs from defendants in these consolidated cases. However, the word "recover" is preceded by the word "may" in MCL 500.3177(1). It is well settled that for statutory purposes, the term "may" is permissive, "as opposed to the term 'shall,' which carries a mandatory, nondiscretionary connotation." *People v Seeburger*, 225 Mich App 385, 392-393; 571 NW2d 724 (1997). Use of the word "may" in MCL 500.3177(1), then, indicates that the trial court is not *required* to grant a request for loss adjustment costs.

Additionally, MCL 500.3177(1) states that assigned claims insurers may "recover . . . *appropriate* loss adjustment costs . . . ." (emphasis added). *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "appropriate" as "especially suitable or compatible." Thus, to the extent that an insurer may seek to recover adjustment costs, the trial court has the discretion to determine what, if any, amount of adjustment costs is appropriate. Accordingly, under the language of the statute, Citizens and Nationwide are not automatically entitled to any or all loss adjustment costs claimed.

That being said, we nevertheless find that the trial court erred by failing to properly address Citizens' and Nationwide's claims for loss adjustment costs. The trial court's sole reason for declining to grant loss adjustment costs was a general policy against doing so, predicated on the presumption that loss adjusters should not be reimbursed for a job "the adjuster is paid to do." There was no indication that the trial court took any time to consider whether Citizens and Nationwide made valid claims for loss adjustment costs, or whether they were entitled to recover an appropriate amount of loss adjustment costs, let alone properly exercised its discretion. Therefore, the trial court erred by failing to properly address and determine entitlement for claims for "appropriate loss adjustment costs." On remand, the trial court must review Citizens' and Nationwide's claims for loss adjustment costs.

-5-

Citizens and Nationwide also briefly argue that, as part of their loss adjustment costs, they are entitled to recover litigation costs, including expenses that would potentially be incurred in future litigation. This argument is somewhat unclear, but ultimately, Citizens and Nationwide appear to contend that they are entitled to expenses, such as attorney fees, which will potentially be incurred in the future. In three out of four of the motions for default judgment filed in the trial court, Citizens and Nationwide sought actual attorney fees and "continuing attorney fees," which were purportedly attorney fees for costs that had not yet been incurred. The trial court declined to grant the requested future attorney fees. Citizens and Nationwide did not present an issue regarding future litigation costs in the statement of questions presented on appeal, and thus, we deem the issue to be waived. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019) (stating that the plaintiff "waived th[e] issue by failing to included it in his statement of questions presented."); see also MCR 7.212(C)(5) (stating that an appellant's brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal.").

Vacated, in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto